UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KIAUN RAHMEIN BRAY

          Petitioner,

v.

HAROLD W. CLARKE, DIRECTOR,      Civil Action No. 2:19-cv-371
DEPARTMENT OF CORRECTIONS
OF VIRGINIA,

          Respondent.

## REPORT AND RECOMMENDATION

Petitioner Kiaun Rahmein Bray brought this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bray contends that his sentence is illegal under recent Supreme Court precedent and asks this court to vacate his sentence and resentence him. Because Bray's Petition is time-barred under 28 U.S.C. § 2244(d)(1), the undersigned recommends that the court dismiss the Petition.

## I. Statement of the Case

On March 16, 2001, in the Circuit Court for the City of Norfolk, Virginia, Bray pleaded guilty to and was convicted of malicious wounding, two counts of abduction, two counts of robbery, carjacking, and the use of a firearm in the commission of a felony. The trial court sentenced Bray to four life terms plus twenty-eight years and seven months in prison. The trial court suspended

Bray's four life terms, resulting in an active sentence of twenty-eight years and seven months.  Bray appealed his sentence to the Virginia Court of Appeals, which dismissed his appeal on July 23, 2001.  Bray did not appeal to the Virginia Supreme Court, rendering his conviction final when the time to file a notice of appeal expired.  See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring a notice of appeal to be filed "within 30 days after entry of final judgment").  Bray sought habeas relief in the Norfolk Circuit Court on January 22, 2002, which the court dismissed on March 1, 2002.  Bray did not immediately seek habeas relief in federal court but filed this Petition in 2019, alleging that a change in Supreme Court precedent renders his sentence unlawful.

In this Petition, Bray argues that his sentence was unconstitutional in light of recent Supreme Court holdings in Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).  Pet. 4-5 (ECF No. 1, at 3-4).  Specifically, Bray claims that because he was a minor when convicted and his sentence included four (suspended) terms of life imprisonment and "basically" no possibility of parole, Miller and Montgomery dictate that his sentence be vacated.  Pet. 4-5 (ECF

2

No. 1, at 3-4); Pet'r's Br. Opp. to Gov't's Mot. to Dismiss 1-3 (ECF No. 10); see Miller, 567 U.S. at 479 (holding that the Eighth Amendment prohibits mandatory sentences of life imprisonment without parole for those under the age of eighteen at the time of their offenses); Montgomery, 136 S. Ct. at 729-30, 736 (holding that "Miller announced a substantive rule of constitutional law" with retroactive effect).

The Government filed a Motion to Dismiss, (ECF No. 6), on August 21, 2019, including the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). According to the Government, Miller and Montgomery do not warrant a new sentence because the sentencing court suspended Bray's life sentences and imposed a term of years. Thus, Bray is not only eligible for release but is scheduled to conclude his sentence on December 3, 2026. Moreover, the Government contends that his Petition is time-barred under § 2244(d)(1). Gov't Mot. to Dismiss 2-4 (ECF No. 8). Bray filed an opposition brief, (ECF No. 10), on September 9, 2019, arguing that his Petition is not time-barred. Bray appears to rely on § 2244(d)(1)(C), which enables a petitioner, regardless of his final judgment date, to file for habeas relief within one year of the Supreme court's recognition of a new constitutional right made retroactively applicable to cases on collateral review. § 2244(d)(1)(C). The matter is now ripe for decision.

3

## II. <u>Recommended Conclusions of Law</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, under § 2244(d)(1), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which (A) the judgment becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the claim's factual predicate was or could have been discovered through due diligence. § 2244(d)(1)(A)-(D).

Here, Bray claims his Petition is timely under § 2244(d)(1)(C) given the Supreme Court's somewhat recent decisions in <u>Miller</u> and <u>Montgomery</u>. According to him, these cases render his sentence illegal under the Eighth Amendment. Pet. 5 (ECF No. 1, at 4). However, the court need not address the substance of Bray's constitutional claim because his Petition is time-barred under § 2244(d)(1).

In <u>Dodd v. United States</u>, the Supreme Court held that for purposes of § 2244(d)(1)(C), the one-year limitation period begins the date on which the Supreme Court initially recognized the asserted constitutional right, not the date on which the asserted

4

right is made retroactive.  545 U.S. 353, 357-360 (2005).  Relying

on Dodd, this court in Thomas v. Clarke has already addressed the

operative date of the one-year limitation period for the asserted

constitutional right addressed in Miller and Montgomery.  No. 3:16-

cv-962, 2017 WL 4544675 (E.D. Va. Oct. 11, 2017), appeal dismissed,

712 F. App'x 337 (4th Cir. 2018).  In that case, the petitioner

argued that his petition was timely under § 2244(d)(1)(C) because

he filed it within one year of Montgomery, which recognized

Miller's retroactive effect.  Id. at *3.  However, this court

rejected his claim:

> The Miller Court, indeed, recognized a new right that is
> retroactively applicable to cases on collateral review.
> In Miller, the Supreme Court held that mandatory life
> without parole for those under the age of 18 at the time
> of their crimes violates the Eighth Amendment's
> prohibition on cruel and unusual punishments.    In
> Montgomery, the Supreme Court held that Miller announced
> a substantive rule of constitutional law that is
> retroactively applicable to cases on collateral review.
>
> However, Thomas is incorrect that his § 2254 Petition is
> timely under § 2244(d)(1)(C) because it was filed within
> one year of the Court's decision in Montgomery.    The
> Court's decision in Miller, not its decision in
> Montgomery, recognized the right upon which Thomas's
> § 2254 Petition relies.    Thus, for Thomas's § 2254
> Petition to be timely under § 2244(d)(1)(C), Thomas was
> required to have filed it within one year of June 25,
> 2012, the date that the Supreme Court decided Miller.
> Thomas, however, did not file his § 2254 Petition until
> November 17, 2016. Accordingly, Thomas cannot rely upon
> § 2244(d)(1)(C) to render his § 2254 Petition timely
> filed.

Id. (internal quotation marks and citations omitted).

5

In this case, Bray's Petition fails for the same reason. Under § 2244(d)(1)(C), Bray had until June 25, 2013 - one year after Miller - to file his Petition. However, Bray did not file this Petition until June 28, 2019.[1] Accordingly, his Petition remains far outside the permitted one-year period under § 2244(d)(1)(C) and is therefore untimely.[2]

Bray states that he had no knowledge of Montgomery or Miller until well after they were decided. To the extent this could be considered an argument for equitable tolling, the argument fails. Equitable tolling is appropriate only in "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266, 270-76 (1988). Here, the record reflects that Bray signed his petition on June 28, 2019, but it does not disclose the date on which the pleading was delivered to prison officials. In such circumstances, "the date of signature is appropriately used as a default date for the actual filing date, as this date favors [the] petitioner in the statute of limitations analysis." Hall v. Johnson, 332 F. Supp. 2d 904, 907 n.3 (E.D. Va. 2004).

[2] In his Petition, Bray also cites this court's decision in Malvo v. Mathena, which granted habeas relief to a petitioner in light of Miller and Montgomery. 254 F. Supp. 3d 820 (E.D. Va. 2017). Unlike this case, however, the petitioner there timely filed his petition on June 25, 2013, the last day within the one-year period. Id. at 823. Because Bray did not file within the one-year limitation period, Malvo does not apply.

party and gross injustice would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). It is well settled in this circuit that ignorance of the law is not a sufficient basis to warrant equitable tolling. <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, Bray is not entitled to equitable tolling.[3]

### III. <u>Conclusion and Recommendation</u>

Because Bray did not file his Petition within one year of the Supreme Court's decision in <u>Miller</u>, his Petition is time-barred under 28 U.S.C. § 2244(d)(1)(C). Accordingly, the undersigned recommends that the court GRANT the Government's Motion, (ECF No. 6), and DISMISS the Petition with prejudice.

### IV. <u>Review Procedure</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure

---

[3] Additionally, Bray has not asserted a claim for actual innocence or produced new reliable evidence on which such a claim could be premised. <u>See</u> <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013).

permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

November 19, 2019

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed

this date to:

Kiaun Rahmein Bray
No. 1014268
Buckingham Correctional Center
P.O. Box 430
Dillwyn, Virginia 23936


and an electronic copy was provided to:

David M. Uberman
Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By _____
          Deputy Clerk

November 19 , 2019